# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION:_____

USCA NO.: _____

LOWER COURT or AGENCY and DOCKET NUMBER:
_____

NAME OF JUDGE:_____

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

Provide a short statement of the factual and procedural background, which you consider important to this appeal:

ABC was a division of XYZ Corporation prior to its spin off as a separate company in a 2018 Initial Public Offering ("IPO"). Appellant began work as ABC's Senior Manager of Transfer Pricing in late April 2019, reporting to CFO John Doe. Her first assignment was to evaluate ABC's transfer pricing arrangements in the China market. This required Appellant to review all ABC contracts in China and additional background information. Unknown to Appellant two class action complaints asserting claims of securities fraud were filed against ABC, its CFO, and other defendants approximately two weeks later, alleging fraudulent representations in ABC's offering documents. The complaints specifically alleged that ABC's prospectus representations of advantageous contractual relationships were untrue.

Shortly thereafter Appellant was directed to report to newly hired Head of Global Tax ("HGT"), Jane Roe. Appellant scheduled a meeting with the HGT and an outside consultant on June 21st to report her findings and recommendations. Her analysis determined that ABC was selling refined product below the cost it was paying for raw materials in the Chinese market under its existing contracts. The sale of goods below cost in any market is a violation of ABC's Code of Ethics. The day before this scheduled meeting - and again unknown to Appellant - a third-class action securities fraud complaint was filed against ABC. Appellant reported her findings to Roe and the consultant, and recommended changes to the structure of ABC's transactions as well as the termination of several existing contracts.

Following the meeting HGT Roe ceased working with Appellant and embarked upon a campaign of unrelenting harassment against her. Roe: berated Appellant in the presence of colleagues for no reason; began working with Appellant's direct report without her knowledge or consent; made unfounded performance allegations against Appellant; and excluded Appellant from meetings and email correspondence relevant to her job duties and position. Appellant suffers from Fibromyalgia and this unjustified and unwarranted treatment exacerbated her disabling condition. Appellant filed two internal complaints concerning Roe's harassment and the exacerbation of her condition on July 16 and 19, 2019, respectively, which were summarily rejected as unfounded. ABC refused to engage in an interactive process when Appellant requested to report back to the CFO (as she had originally and consistent with her offer letter) as a reasonable accommodation and sought to justify Roe's treatment of her on performance grounds. On July 29th her direct report forwarded Appellant a July 4th email invitation scheduling a July 30th meeting to discuss new transfer pricing approaches in China - together with an ongoing thread of related email communications originating in late June - from which she had been excluded. In an email reply Appellant questioned who excluded her from the correspondence and meeting invitation; she also forwarded her reply and the attached email thread to ABC's Ethics Office. Appellant never received a response to her inquiry and, without notice, was locked out of her company laptop and the ABC network and email system less than an hour later.

Appellant last worked for ABC on August 1, 2019 but was never terminated from employment. She continues to receive health insurance benefits and, excepting one month, was paid her monthly salary for what she believed were disability payments through February 2020. In April 2020, in response to an inquiry about the March payment, ABC presented Appellant with a demand for repayment of the past payments and threatened her with suit. She realized at that time that she would never work at ABC again and timely filed a Complaint with the EEOC. Appellant first learned of the filing of the 2019 securities fraud class action complaints against ABC and its CFO on October 27, 2020, and timely filed a SOX Retaliation complaint with OSHA to exhaust her administrative remedies before bringing the underlying action. Appellant has diligently pursued alternate employment in the field of transfer pricing for the past three years, to no avail. Appellees' actions have devastated Appellant's financial circumstances and effectively destroyed her career.

Identify the issues to be raised on appeal:

See attached document. The issues were submitted separately to enable use of proper citation form.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this 7th day of September, 2022.

/s/ Brian P. Kirby

Signature of Counsel

Rev. 07/2015

# Jane Doe v. ABC Corp., et al.
# Case No. 22-2534

**Issues to be Raised on Appeal**

1. Whether the EEOC claim of Appellant, who never received "unequivocal notice of termination" and continued receiving monthly salary payments through February 2020 and health insurance benefits to date, can be considered untimely under the rule established by this Court in *Bonham v. Dresser Indus., Inc.*, 569 F.2d 187 (3d Cir. 1977), *cert. denied*, 439 U.S. 821 (1978)?

2. Whether the June 28, 2022, Order dismissing Appellant's claims under the Americans with Disabilities Act as untimely must be reversed, to provide Appellant an opportunity to establish that ABC Corp. is estopped from asserting a defense of untimeliness by its own records and correspondence, consistent with this Court's Opinion in *Bonham*, *supra*, at 393 and n. 6?

3. Whether the District Court's finding that Appellant's requested accommodation was *per se* unreasonable and Order dismissing her failure to engage in interactive dialogue claim under this Court's Opinion in *Gaul v. Lucent Technologies*, 134 F.3d 576, 581 (3d Cir. 1998) must be reversed, given the Court's characterization of the plaintiff's request in that case ("a transfer whenever he decided he was stressed") as unreasonable as a matter of law and distinguishing of *Gaul* on that basis in its Opinion in *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 317 n.7 (3d Cir. 1999)?

4. Whether the Court's holding in *Taylor*, *supra*, that "an employer who has received proper notice cannot escape its duty to engage in the interactive process simply because the employee did not come forward with a reasonable accommodation that would prevail in litigation" (*id*. at 316-17) mandates reversal of the District Court's June 28, 2022, Order dismissing Appellant's failure to engage in the interactive process claim?

5. Whether Appellant's reporting of conduct to Appellees that she reasonably believed and which objectively violated ABC's Code of Ethics implicated SEC Regulation 17 CFR 229.406 ("Item 406"), thereby protecting her from retaliation under Section 806(a) of SOX pursuant to the *Sylvester* reasonableness standard adopted by this Court in *Wiest v. Lynch*, 710 F. 3d 121 at 128-29 (3d Cir. 2013), and requiring reversal of the District Court's June 28, 2022 Order dismissing her Amended Complaint with prejudice?

6. (a) Whether Appellant is entitled to application of the doctrine of equitable tolling consistent with this Court's Opinion in *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391-92 (3d Cir. 1994)?

   (b) If so, whether application of the equitable tolling doctrine requires reversal of the District Court's Order dismissing Appellant's SOX Retaliation claim with prejudice since "equitable tolling is typically reserved for disposition on summary judgment because the application depends on matters outside of the pleadings," consistent with this Court's Opinion in *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997), citing *Oshiver*, *supra*, and *Hornsby v. U.S. Postal Serv.*, 787 F.2d 87, 89 (3d Cir. 1986)?